# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| FRASCELLA ENTERPRISES, INC., | : Bankruptcy No. 06-10322DWS |
| d/b/a CashToday, | : |
| | : |
| Debtor. | : |
| | : |
| LAWRENCE TURNER, | : Adversary No. 06-0101 |
| LINDA DAVIS and DEMRYI HILL, | : |
| on behalf of themselves and all others | : |
| similarly situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| FRASCELLA ENTERPRISES, INC., | : |
| d/b/a CashToday, | : |
| LARRY D. FRASCELLA, | : |
| DAVID W. FRASCELLA, JR., and | : |
| THERESA FRASCELLA, | : |
| | : |
| Defendants. | : |

## OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Defendants' Motion For Stay Pending Appeal to District Court (the "Stay Motion").[1] After expedited notice and hearing and for the reasons that follow,

---

[1] On May 19, 2008, Defendants filed a Notice of Appeal of my May 8, 2008 Order and Opinion. Recognizing that the order is interlocutory order, Defendants subsequently filed a Motion For Leave to Appeal Order on May 22 (the "Appeal Motion"). Pursuant to Fed. R. Bankr. P. 8003(b) the Appeal Motion has been transmitted to the District Court for review. Pending that review, Defendants have filed the instant Stay Motion.

the Stay Motion is denied.[2]

## BACKGROUND

On May 8, 2008, I issued a Memorandum Opinion and Order enforcing a settlement agreement between Plaintiffs and Defendants[3] in the above-captioned class action adversary proceeding.  See Turner v. Frascella Enterprises, Inc. (In re Frascella Enterprises, Inc.), 2008 WL 2051115 (Bankr. E.D. Pa. May 8, 2008) (the "Settlement Opinion").  The parties' agreement, reached after seven months of negotiation aided by a judicial mediator, is memorialized in a document executed by all parties to the litigation entitled Agreement to Settle Class Adversary Proceeding dated August 17, 2007 (the "Settlement Agreement").  It was jointly presented to the Court on November 5, 2007 on a Motion Seeking Preliminary Approval ("Approval Motion").  Enforcement was sought by Plaintiffs when, after the Third Circuit Court of Appeals decided a case Defendants view as extremely favorable to their position in the underlying litigation,[4] Defendants declared the Settlement Agreement null and void.

---

[2] To assuage the parties' concerns about timely compliance with the terms of my May 8, 2008 Order, I will provide relief from the dates fixed therein in recognition of the passage of time resulting from the presentation of the Stay Motion.

[3] The Defendants referred to are Frascella Enterprises, Inc. (the "Debtor") and its principals Larry and David Frascella (the "Frascella Brother Defendants").

[4] The case, Gay v. CreditInform, 511 F.3d 369 (3d Cir. 2007), deals with the enforceability of arbitration clauses, an unresolved threshold issue raised by Defendants to this Court's jurisdiction.

The Settlement Opinion concludes that the Settlement Agreement for which Court approval had been sought is binding.[5] It rejects the crux of Defendants' argument, i.e., that I had disapproved the Settlement Agreement at the hearing on the Approval Motion. The Settlement Opinion states that I had made no decision on the Approval Motion but rather had encouraged the parties to address my primary expressed concern, i.e., how the settlement provisions affected the Chapter 11 proceeding and the consummation of a confirmed plan of reorganization. Settlement Opinion, 2008 WL 2051115 at *9. Those additional discussions in furtherance of a modification, which the parties consented to pursue, were almost concluded when the Third Circuit decided Gay and the Defendants advised Plaintiffs that they considered the Settlement Agreement null and void.

Because I found the Settlement Agreement to be enforceable, I rescheduled the hearing on (1) the adjourned Approval Motion to implement the next steps toward settlement of the class action, i.e., preliminary approval of the settlement and issuance of class notices, and (2) the adjourned Disclosure Statement in order to move forward with the stalled Chapter 11 confirmation process (of which the settlement is an integral part). It is these preparatory steps that Defendants seek to enjoin by the Stay Motion.

---

[5] On the contrary, it finds that a valid contract for a modification to the Settlement Agreement had not been formed as argued by Plaintiffs.

**DISCUSSION**

Bankruptcy Rule 8005 grants me in the first instance the discretion to grant a stay pending appeal of the Appeal Motion.[6] The factors to be considered in determining whether to grant a stay pending appeal are (1) whether the movant has made a showing of likelihood of success on the merits of the appeal; (2) whether the movant will be subject to irreparable harm if the stay is not granted; (3) whether the granting of the stay would substantially harm other interested parties; and (4) whether the granting of the stay would serve the public interest. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991) (*citing* Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113 (1987)). The burden of demonstrating these factors is on the moving party. Blackwell v. GMAC (In re Blackwell), 162 B.R. 117, 119 (E.D. Pa. 1993). The majority of courts balance these factors equally rather than hold any one factor to be determinative. E.g. In re Cujas, 376 B.R. 480, 485-86 (Bankr. E.D. Pa. 2007) (citations omitted).

### A. Likelihood of Success

Where, as here, the order being appealed is interlocutory, the relevant "likelihood of success" looks to whether "the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of

---

[6] The Rule states in relevant part:

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Fed. R. Bankr. P. 8005.

that appeal." See Enron Corp. v. J.P. Morgan Securities (In re Enron), 2006 WL 2400411, at *1 (Bankr. S.D. N.Y. 2006). While Defendants focus on the alleged errors of the Settlement Opinion, they provide no grounds for the District Court to step outside the strong federal judicial policy of restricting appeals to final orders. As discussed more fully below, the procedural relief sought by Defendants is itself an extraordinary measure that is not lightly granted. By focusing on the merits of the hoped-for appeal, they put the proverbial cart before the horse.

(1)  Statutory Bases for Interlocutory Appeal

District courts have jurisdiction to hear appeals from interlocutory orders of a bankruptcy court pursuant to 28 U.S.C. § 158(a)(3).[7] The scope of appellate jurisdiction over appeals from interlocutory orders of bankruptcy courts is governed, in turn, by 28 U.S.C. § 1292(b). Simon v. U.S., 341 F.3d 193, 199 (3d Cir. 2003). Under § 1292(b), interlocutory appeals are allowed when three requirements are satisfied: "(1) the decision involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) immediate appeal may materially advance the ultimate termination of the litigation." Id. Moreover, interlocutory appeal is appropriate only in exceptional circumstances. Milbert v.

---

[7] That provision provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ...

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. . . .

Id.

Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir.1958). See also Matter of Magic Restaurants, Inc., 202 B.R. 24 (D. Del. 1996) (denying leave for interlocutory appeal even where controlling issue of law existed because appellant failed to demonstrate exceptional circumstances, i.e., an urgency that sets this case apart from the typical case).

It is extremely unlikely that the District Court will find Defendants' appeal involves a controlling issue of law. In their memorandum supporting the Appeal Motion, Defendants' purported issue of law is framed as follows:

> Here, the issue of whether this case has or has not been settled is in dispute. The appeal calls into question, among other things, the Bankruptcy Court's decision to enforce a settlement agreement despite clear language in the agreement that allowed for its unilateral termination, and despite the parties' unequivocal abandonment of the agreement.

Defendants' Memorandum of Law in Support of Motion for Leave to Appeal Order Entered May 9, 2008 ("Appeal Mem.") at 15. Defendants' position is based entirely on their interpretation of statements made by me on the bench at the November 2007 hearing or the subsequent conduct of the parties, which they assert resulted in a rejection or abandonment of the written Settlement Agreement. These are inherently factual issues which I decided based upon the record submitted by the parties, not issues of law. It is without question that issues of fact are not an appropriate basis for an interlocutory appeal. Christy v. Pennsylvania Turnpike Comm., 912 F.Supp. 148 (E.D. Pa.1996).

The only question of law identified by Defendants immediately follows the above-quoted material: "Moreover, the appeal calls for the court to determine if the Bankruptcy Court misapplied the legal standards applicable to a motion to enforce, failed to follow required procedures, and ignored the arbitrability of the parties' dispute." Id. However, this

-6-

is not an issue of law over which "there is a substantial ground for difference of opinion." Simon, 341 F.3d at 199. "Mere disagreement with the court's determination does not create a 'substantial grounds for difference of opinion.' . . . The grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard." Truong v. Kartzman, 2007 WL 1816048 (D. N.J. 2007) (citations omitted); Patrick v. Dell Financial Services, 366 B.R. 378, 386 (M.D. Pa. 2007). Defendants' citation to cases which they assert contradicts a particular issue decided by this Court's Settlement Opinion merely evidences disagreement with my application of the law and does not reflect a divergence of opinions among courts so as to demonstrate doubt over the applicable standards.[8] On the contrary, rather than the controlling law being in conflict, the Settlement Opinion noted that the parties agreed on the dispositive legal authority. Settlement Opinion at *6. Indeed when briefing the enforcement issue, Plaintiffs and Defendants cited the same legal proposition, arguing the facts of this case in light of cases so holding authority.

In evaluating the third § 1292(b) factor, whether an immediate appeal will materially advance the ultimate termination of the litigation, courts have traditionally focused on whether the appeal will: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.

---

[8] Defendants assert in the Appeal Motion that I have disregarded well-established legal principles. They argue that my decision conflicts with both Pennsylvania and Delaware law regarding the standard for enforcement of a settlement agreement. They also state that "the Bankruptcy Court's statement in footnote 22 that defendants somehow submitted to the jurisdiction of the court and were not entitled to arbitrate is completely at odds with that line of cases, and others, and contrary to the Federal Arbitration Act." Appeal Mem. at 17-18.

See Patrick v. Dell Financial Services, 366 B.R. 378, 387 (M.D. Pa. 2007); Orson, Inc. v. Mirimax Film Corp., 867 F.Supp. 319, 322 (E.D.Pa.1994). It seems that the context of this litigation, as an adversary proceeding in a bankruptcy case, must also be considered.

I fail to see how immediate appeal will advance termination of the litigation before me. Even assuming Defendants were ultimately successful in overturning my ruling that the Settlement Agreement is enforceable, this Court would still have before it a contested motion to dismiss and/or enforce arbitration, which the Defendants have already requested be set for a hearing. Despite Defendants confidence in the Third Circuit's Gay decision, Plaintiffs have not conceded that decision requires dismissal of this adversary proceeding. Moreover, arbitration merely changes the forum of the dispute. It would do nothing to eliminate the claims of the class members in the bankruptcy case. Absent the agreed calculation provided by the Settlement Agreement, this Court would have before it a dispute as to how to estimate those claims for purposes of a confirmable plan of reorganization, "at best an imprecise and uncharted process." See In re Frascella Enterprises, Inc., 360 B.R. 435, (Bankr. .E.D. Pa. 2007).

### (2)  The Collateral Order Doctrine

In addition to invoking 28 U.S.C. § 1292(b), Defendants' argue to the District Court that immediate appeal of the Settlement Opinion is proper under the "collateral order doctrine." First enunciated by the Supreme Court in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), this doctrine allows for interlocutory appeals of a "small class [of cases] which finally determine claims of right separable from, and collateral to rights asserted in the action, too important to be denied review and too

independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. Id. 337 U.S. at 546. Thus, three factors must be shown:

> an appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment.

Petroleos Mexicanos Refinacion v. M/T KING A (EX-TBILISI), 377 F.3d 329, 334 (3d Cir. 2004) (*quoting* In re Ford Motor Co., 110 F.3d 954, 958 (3d Cir.1997)).

I need not belabor the first prong, as it seems evident that I have conclusively determined there is a valid settlement agreement which shall be enforced. Similarly, I do not think the parties are in disagreement that the Settlement Opinion resolved issues separate from the merits of the underlying adversary proceeding, i.e., Debtor's payday lending practices. However, the inapplicability of the collateral order doctrine is evident upon closer consideration of the second prong which is itself a two-part inquiry addressing both separability and importance. "[A]pplication of the Cohen collateral order doctrine is incomplete without an analysis of the importance of the issue sought to be reviewed." In re Ford, 110 F.3d at 958-59. Defendants fail to contend, nor can they, that the Settlement Opinion resolved important issues.

> Importance has a particular meaning in this context. . . . the overarching principle governing "importance" is that, for the purposes of the Cohen test, an issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule.

Ford, 110 F.3d at 959. In short, the interests Defendants seek to preserve must "overcome[s]

the policies militating against interlocutory appeals." Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 503, 109 S.Ct. 1976, 1980 (1989) (Scalia, J., concurring).

As the Third Circuit Court of Appeals notes, it has repeatedly considered an issue to be important for Cohen purposes where "the issue presents 'a serious and unsettled question.'" Ford, 110 F.3d at 961.

> It is clear that if a question presents a serious and unsettled question of law, resolution of that issue in an interlocutory appeal protects an interest that is significant relative to the interests protected by deferring review until final judgment. Resolution of a serious and unsettled question has an impact beyond the parties before the court; it not only ensures the proper adjudication of the case before the court, but also may prevent erroneous adjudications in other cases and head off unnecessary appeals in those other cases. These incidental effects promote some of the same goals the final judgment rule promotes. Therefore, though it is not a sine qua non, the presence of a serious and unsettled question is sufficient to satisfy the importance criterion of the Cohen test.

Id. (emphasis added). This is consistent with the interests addressed by the inquiry under 28 U.S.C. 1292(b), i.e., whether there is a controlling question of law over which there is a substantial ground for difference of opinion.

Without minimizing the importance of the Settlement Opinion to the parties, it has absolutely no impact beyond them and this case. As I discussed above, my determination that the Settlement Agreement is binding is entirely dependent upon the facts of this case. Nor is there an important, i.e., serious and unsettled, issue of law, the resolution of which will affect other cases.

The third Cohen prong asks whether Defendants can seek effective review of the Settlement Opinion on appeal after final judgment. Id. "[R]eview after final judgment is

-10-

ineffective if the right sought to be protected would be, for all practical and legal purposes, destroyed if it were not vindicated prior to final judgment." Id. (*citing* Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 498-99, 109 S.Ct. 1976, 1978 (1989)).[9] Defendants' argument on this point appears identical to their claim that they will be irreparably harmed by the "mooting" of their appeal. Appeal Mem. at 20.

In this case, however, Defendants lose nothing by waiting until a final order is entered. As discussed more fully below, the Settlement Opinion is but the first step toward preliminary approval of the settlement, class notice, and a final fairness hearing which may or may not culminate in final approval of the Settlement Agreement. If the settlement is approved, Defendants may appeal that final order, raising all the issues in the instant Appeal Motion. Only if I fail to approve the Settlement Agreement will Defendant's right to appeal be moot, but in that case the outcome will be precisely what they desire. See Settlement Agreement ¶ 28 (making the agreement null and void if the Court denies final approval). Indeed, given the possibility that the Settlement Agreement may never be implemented, it seems that the Appeal Motion is asking the District Court for an impermissible advisory opinion.

In short, given the rarity of interlocutory appeals and the fact-specific issues determined by the Settlement Opinion, it is extremely unlikely that the District Court will grant the Appeal Motion. Thus, Defendants have failed to demonstrate a likelihood of success on the merits of the Appeal Motion.

---

[9] A classic example noted by the Third Circuit is where confidential information may be disclosed, i.e., attorney-client privilege, work product, and trade secrets. Ford, 110 F.3d 962-63. Vindication on appeal after final judgment will not "unreveal" what has been exposed.

### B. Irreparable Harm to Defendants

The Motion provides a laundry list of reasons why Defendants are prejudiced absent a stay. Stay Motion at 9-10. Since my Order simply requires Debtor to move forward with implementation of its Chapter 11 plan and the Settlement Agreement that is a condition to confirmation, I asked Defendants' counsel to elaborate on this alleged harm. The thrust of Debtor's argument is that it is being placed in a "untenable" position of going forward with a Chapter 11 plan it no longer supports. The authenticity of this complaint is undermined by the reality that it is the Debtor which has sought a Chapter 11 reorganization, has failed to propose a confirmable plan in 2-1/2 years, in large part due to its litigation with consumers over payday lending operations, and now wishes to put a hold on the bankruptcy process. As suggested by the United States trustee's position, the untenable position Debtor finds itself in is of its own making. If it does not wish to promulgate the Chapter 11 plan it previously proffered which incorporates the Settlement Agreement , it need not do so but it should not expect to enjoy continued bankruptcy protection to pursue its litigation options.

Defendants also claim to be concerned about the costs associated with going forward with a Chapter 11 plan and settlement notices that may ultimately be undone. Curiously the estimated $25,000 budgeted for class noticing plus the costs of concluding the Chapter 11 case, were expenses Defendants were willing to bear when they entered the Settlement Agreement notwithstanding the possibility that the Settlement Agreement might be rejected by the class and/or the Chapter 11 plan not consummated. In any event, it is well-established that economic loss alone is not irreparable harm. "Irreparable harm must be of a peculiar

nature, so that compensation in money alone cannot atone for it." Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937 (1974).[10]

Finally, Defendants assert that the risk that their appeal may be rendered moot is irreparable harm, yet recognize that a majority of courts find the potential of mootness insufficient to demonstrate irreparable harm. Stay Motion at 10 (*citing* In re 203 N. LaSalle St. Partnership., 190 B.R. 595, 598 (N.D. Ill. 1995), *modified by, aff'd by*, 195 B.R. 692 (N.D. Ill. 1996) ( *citing* In re Public Servo Co., 116 B.R. 347, 349-50 (Bankr. D.N.H. 1990)). See also In Re Trans World Airlines, Inc., 2001 WL 1820325 (Bankr. D. Del. 2001) ("[i]t is well settled that an appeal being rendered moot does not itself constitute irreparable harm.") (*quoting* 203 N. LaSalle Partnership).[11]

In any event, Defendants fail to state how implementing the Settlement Agreement will moot their right to appeal. I agree that the Settlement Opinion sets in motion a series of events – albeit a protracted series of events, but I fail to discern, nor do Defendants explain, how any will affect Defendants right to pursue an appeal of any final order. I must first

---

[10] These cases, which address the standard for a preliminary injunction, are applicable here as the test is the same. See In re Bankruptcy Appeal of Allegheny Health, Educ. and Research Foundation, 252 B.R. 309 (W.D. Pa. 1999).

[11] They cite a single case in support of a "growing minority view" that "mooting any appeal 'is a quintessential form of prejudice.'" In re Adelphia Communications. Corp., 361 B.R. 337, 348 (S.D.N.Y. 2007). That case in turn relies solely upon a handful of cases limited to the Second Circuit, that are clearly not binding on this Court and contrary to its prior holdings. See In re Edwards, 228 B.R. 573, 580 (Bankr. E.D. Pa. 1999) ("something more than preservation of the status quo is necessary to show irreparable harm").

<u>preliminarily</u> approve the settlement agreement and class notice as well as the Chapter 11 disclosure statement in support of the Chapter 11 plan. While such approval will trigger the Frascella Brother Defendants' obligation to fund the first $150,000 settlement installment payment, the funds will be escrowed to be returned if the Settlement Agreement is not finally approved or the Chapter 11 plan confirmed. The class notices must sent out and the class members given sufficient time to voice objections or opt-out.[12] Only after sufficient notice ( the parties suggesting ninety days after class notices are sent) has been accomplished will a fairness hearing be held to finally approve the settlement. In addition I will be required to make specific findings as to class certification under Fed. R. Bankr. P. 7023, another issue that has yet to be addressed by the parties. Until these steps are accomplished, whether a settlement will be consummated that imposes the burden that they accepted when they signed the Settlement Agreement is totally speculative.

As detailed above, there are numerous steps to complete, and potential obstacles to overcome, before a final approval hearing is held and final orders entered. It is unlikely that they will all be navigated before the District Court determines the Appeal Motion. Indeed, counsel for the Frascella Brother Defendants notes his own personal experience is that the District Court typically decides such motions expeditiously. Thus, the likelihood that Defendants' appeal will be mooted by whatever unspecified acts may occur before the

---

[12] Indeed, the parties have not had the opportunity to even consider issues that may arise in attempting to provide adequate notice to the approximately 9,000 class members, all of whom had loans with Debtor prior to January 2006. The Settlement Agreement contemplates individual mailings, which will involve Defendants having to cull through its records and provide that information to Plaintiffs' counsel and/or a Settlement Agent (yet to be chosen) who will handle notice and distribution responsibilities. How long this will take is unclear.

District Court decides the Appeal Motion is at best speculative. The risk of irreparable harm must rise beyond mere speculation. See, e.g., Acierno v. New Castle Cty., 40 F.3d 645 (3d Cir. 1994).[13]

### C. Harm to the Plaintiffs

Defendants argue that "the Plaintiffs will not be harmed" by preservation of the status quo. I find that they have already been harmed. According to counsel for the Frascella Brother Defendants, the initial $150,000 deposit of the settlement funds which they represented to the Court was in escrow in November 2007 has been withdrawn based on their view that the Settlement Agreement is null and void. Continued delay makes it more likely that the settlement funds will be dissipated rather than placed in escrow as contemplated by the Settlement Agreement. This was evident when Defendants failed to embrace the compromise offered by Plaintiffs' counsel to ameliorate their alleged harm: conditioning any stay upon the Frascella Brother Defendants proceeding with regular deposits of the settlement funds as contemplated by the Settlement Agreement. Indeed when Plaintiffs held out that branch, their counsel responded "how much are we talking about," suggesting that the Funds for the settlement may no longer be available. As noted above, by holding the preliminary approval hearing as ordered, the $150,000 will be required to be deposited upon entry of an Order.

---

[13] Included in their reasons for irreparable harm is the Defendants' purported concern for the class members' ability to clearly understand the settlement provisions, an issue I had raised and which I suggested should be addressed as the parties refined the class notices and orders. I am hard pressed to understand how this evidences prejudices the Defendants.

Moreover, continued delay works against the Plaintiffs in non-economic ways as well. This is large class and the reality is that people relocate and records can be lost, making it difficult to locate and notify class members about this settlement. Delay is inconsistent with the maximization of participation in the benefits of the Settlement Agreement,

### D. The Public Interest

Defendants acknowledge that there is a "great public policy in having bankruptcy 'proceedings continue to an orderly, efficient resolution to maximize and preserve the estate's assets for the sake of the creditors.'" Stay Motion at 12. In this case, confirmation has been unavoidably protracted by the reorganization plan's incorporation of a class action settlement. I fail to see how further delay while Defendants pursue an interlocutory appeal to the District Court will serve the public interest which requires prompt and fair resolution of bankruptcy cases. A debtor-in possession secures bankruptcy court protection and the benefits of the federal bankruptcy laws to effect its reorganization but in exchange, is a fiduciary and is required to act in good faith in dealing with its creditors. As noted by the United States trustee at the hearing on this Motion, the positions and stratagems employed by the Frascella Brothers who control the Debtor suggest a lack of good faith. Allowing them to freeze these proceedings undermines the integrity of the bankruptcy process.

**CONCLUSION**

For the reasons discussed above, I find that Defendants have failed to demonstrate the requirements warranting a stay pending the Appeal Motion. The Stay Motion is denied but

Adversary No. 06-0101

the Order of May 8 will be modified to provide new deadlines for the implementation of the Settlement Agreement and Chapter 11 reorganization.

 An Order consistent with the foregoing will be entered.

_Diane W. Sig_____

_____
DIANE WEISS SIGMUND
U. S. Bankruptcy Judge

Dated: June 6, 2008

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| FRASCELLA ENTERPRISES, INC., | : | Bankruptcy No. 06-10322DWS |
| d/b/a CashToday, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| LAWRENCE TURNER, | : | Adversary No. 06-0101 |
| LINDA DAVIS and DEMRYI HILL, | : | |
| on behalf of themselves and all others | : | |
| similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FRASCELLA ENTERPRISES, INC., | : | |
| d/b/a CashToday, | : | |
| LARRY D. FRASCELLA, | : | |
| DAVID W. FRASCELLA, JR., and | : | |
| THERESA FRASCELLA, | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 6th day of June 2008, upon consideration of the Defendants' Motion For Stay Pending Appeal to District Court (the "Stay Motion"), after hearing and notice, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Stay Motion is **DENIED**;

Adversary No. 06-0101

**And** it is **further ORDERED** that the deadlines and hearing date set forth in the May 8 Order are modified to provide that a rescheduled hearing on (1) the Motion for Preliminary Approval of the Settlement Agreement and (2) the Debtor's Amended Disclosure Statement will be held on **JULY 1, 2008 at 11:15 A.M.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor, 900 Market Street, Courtroom #3, Philadelphia, PA. Amendments, if any, to the Amended Disclosure Statement shall be filed and served on interested parties by **June 24, 2008**. Pending the hearing, the parties will meet and prepare a class notice and Rule 23 schedule and proposed order consistent with the colloquy at the November approval hearing.

*Diane W. Sigmund*

---
DIANE WEISS SIGMUND
U. S. Bankruptcy Judge